1    CRAIG A. GELFAND (SBN 176378)
     JEFF LEUNG (SBN 310960)
2    **ARENT FOX LLP**
     555 West Fifth Street, 48th Floor
3    Los Angeles, CA 90013-1065
     Telephone:     (213) 629-7400
4    Facsimile:     (213) 629-7401
     Email:         craig.gelfound@arentfox.com
5

6    Attorneys for Defendant
      GO PET CLUB, LLC
7

8                        UNITED STATES DISTRICT COURT

9                     NORTHERN DISTRICT OF CALIFORNIA

10

11   YUNTEK INTERNATIONAL, INC. a          CASE NO.  4:19-cv-02947-JSW
     California corporation,
12                                         **ANSWER TO UNVERIFIED COMPLAINT
                        Plaintiff,         FOR PATENT INFRINGEMENT**
13
            v.
14
     GO PET CLUB, LLC,
15
                        Defendants.
16

17

18

19

20

21

22

23

24

25

26

27

28

ARENT FOX LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1     Defendant PEL WHOLESALE, INC. D/B/A GO PET CLUB ("Defendant") for itself and

2  for no other party, person or entity, and without waiver of any right or privilege, hereby submits

3  the following Answer to the unverified Complaint (the "Complaint") of Plaintiff YUNTEK

4  INTERNATIONAL, INC. ("Plaintiff"):

5

6                                  **INTRODUCTION**

7     1.     Defendant is without knowledge or information sufficient to form a belief as to the

8  truth of the allegations of Paragraph 1, and therefore denies them.

9     2.     Defendant admits that it manufactures pet carriers and homes, including the Go Pet

10  Club Soft Crate. Defendant further admits that it sells its products, including the Go Pet Club Soft

11  Crate, online through retailers such as Amazon.com and Walmart.com.

12     3.     Defendant denies each and every allegation in paragraph 3 of the Complaint.

13          **JURISDICTION, VENUE, AND INTRADISTRICT ASSIGNMENT**

14     4.     Defendant admits that it places products into the stream of commerce, with the

15  knowledge or understanding that such products are sold in the State of California, including in this

16  District, but denies that such products infringe U.S. Patent No. 6,715,446 (the "'446 Patent").

17  Defendant further admits that it maintains its headquarters and principal place of business within

18  the State of California and within in this District at 6818 Patterson Pass Road, Suite H, Livermore,

19  California 94550. Defendant denies that its acts have caused injury to Yuntek within this District.

20  The remaining allegations in paragraph 4 are legal conclusions to which no response is required.

21  To the extent that any remaining allegations are not legal conclusions, Defendant denies such

22  allegations.

23     5.     Defendant admits that it maintains its headquarters and principal place of business

24  within the State of California and within in this District at 6818 Patterson Pass Road, Suite H,

25  Livermore, California 94550. Defendant further admits that it has a regular and established place

26  of business in this district. Defendant denies that it has and continues to commit acts of

27  infringement. The remaining allegations in paragraph 5 are legal conclusions to which no response

28  is required. To the extent that any remaining allegations are not legal conclusions, Defendant denies

ARENT FOX LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ANSWER TO UNVERIFIED COMPLAINT FOR PATENT INFRINGEMENT
AFDOCS/20862043.1

1  such allegations.

2      6.      The allegation in paragraph 6 that this case be assigned on a district-wide basis

3  pursuant to Civil L.R. 3-2(c) is a legal conclusion to which no response is required.

4                                    **PARTIES**

5      7.      Defendant is without knowledge or information sufficient to form a belief as to the

6  truth of the allegations of Paragraph 7, and therefore denies them.

7      8.      Defendant admits that it is a corporation organized under the laws of the State of

8  Texas with its headquarters located at 6818 Patterson Pass Road, Suite H, Livermore, California

9  94550.

10                              **GENERAL ALLEGATIONS**

11      9.      Defendant admits that a copy of what purports to be '446 Patent is attached to the

12  Complaint as Exhibit A. Defendant is without knowledge or information sufficient to form a belief

13  as to the truth of the remaining allegations of Paragraph 9, and therefore denies them.

14      10.      Defendant is without knowledge or information sufficient to form a belief as to the

15  truth of the allegations of Paragraph 10, and therefore denies them.

16      11.      Defendant denies each and every allegation in paragraph 11 of the Complaint.

17      12.      Defendant admits that it sells and offers to sell its products, including the Go Pet

18  Club Soft Crate, online through retailers such as Amazon.com and Walmart.com, but denies that

19  such products infringe the '446 Patent.

20      13.      Defendant admits that Plaintiff emailed Defendant on December 4, 2017, alleging

21  infringement of the '446 Patent by Defendant, but denies that it has and continues to commit acts

22  of infringement of the '446 Patent. The remaining allegations in paragraph 13 are legal conclusions

23  to which no response is required. To the extent that any remaining allegations are not legal

24  conclusions, Defendant denies such allegations.

25                              **FIRST CAUSE OF ACTION**

26                          **(Infringement Of The '446 Patent)**

27      14.      Defendant repeats and incorporates its responses to the preceding paragraphs as if

28  fully set forth herein.

ARENT FOX LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ANSWER TO UNVERIFIED COMPLAINT FOR PATENT INFRINGEMENT

AFDOCS/20862043.1

15.     Defendant denies each and every allegation in paragraph 15 of the Complaint.

16.     Defendant denies each and every allegation in paragraph 16 of the Complaint.

17.     Defendant denies each and every allegation in paragraph 17 of the Complaint.

18.     Defendant denies each and every allegation in paragraph 18 of the Complaint.

19.     Defendant denies each and every allegation in paragraph 19 of the Complaint.

20.     Defendant denies each and every allegation in paragraph 20 of the Complaint.

## PRAYER FOR RELIEF

Paragraphs 1-5 set forth the statement of relief requested by Plaintiff to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained in the remainder of the Complaint and denies that Plaintiff is entitled to any of the relief requested in paragraphs 1-5 of its prayer for relief or to any other relief in any form whatsoever.

## DEMAND FOR JURY TRIAL

Defendant joins in Plaintiff's request for a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES AS AGAINST ALL CAUSES OF ACTION

Pursuant to Federal Rule of Civil Procedure 8(c), without assuming any burden that they would not otherwise bear, and reserving the right to assert additional defenses, at law or in equity, which may now exist or in the future may become known or available as the result of discovery in this case, Defendant asserts the following defenses:

### First Affirmative Defense

#### (Non-Infringement)

Defendant has not infringed and does not infringe any valid and enforceable claim of the '446 Patent, directly or indirectly, literally or under the Doctrine of Equivalents.

### Second Affirmative Defense

#### (Invalidity)

The claims of the '446 Patent are invalid for failure to satisfy one or more of the requirements of 35 U.S.C. § 101, et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

ARENT FOX LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 4 -

AFDOCS/20862043.1

1

**Third Affirmative Defense**

2

(Equitable Estoppel, Laches, Waiver, Acquiescence, And/Or Unclean Hands)

3

Plaintiff's claims for relief are barred in whole or in part by the equitable doctrines of

4

estoppel, laches, waiver, acquiescence, and/or unclean hands.

5

**Fourth Affirmative Defense**

6

(35 U.S.C. § 287)

7

Any claim for damages for patent infringement by Plaintiff is limited, at a minimum, by 35

8

U.S.C. § 287 to those damages occurring only after notice of infringement.

9

**Fifth Affirmative Defense**

10

(Limitation On Damages Under 35 U.S.C. § 286)

11

Plaintiff's claims for monetary relief, if any, are limited by 35 U.S.C. § 286.

12

**Sixth Affirmative Defense**

13

(Failure To State A Claim)

14

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Plaintiff's Complaint

15

fails to state a claim upon which relief can be granted.

16

**Seventh Affirmative Defense**

17

(35 U.S.C. § 288)

18

Plaintiff is barred by 35 U.S.C. § 288 from recovering any costs associated with this action.

19

**Eighth Affirmative Defense**

20

(Adequate Remedy At Law)

21

Plaintiff is not entitled to injunctive relief because, inter alia, any injury to Plaintiff is not

22

immediate or irreparable, and Plaintiff has an adequate remedy at law.

23

**Ninth Affirmative Defense**

24

(Prosecution History Estoppel)

25

Plaintiff is estopped because of prosecution history estoppel and/or disclaimer from

26

construing or interpreting any claims of the '446 Patent to cover or include, either literally or by

27

application of the doctrine of equivalents, any acts of Defendant, by reason of the proceedings in

28

the United States Patent Trade Office (PTO) during prosecution of the applications leading to the

ARENT FOX LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 5 -

ANSWER TO UNVERIFIED COMPLAINT FOR PATENT INFRINGEMENT

AFDOCS/20862043.1

issuance of the Patents-in-Suit, and admissions and representations made therein to the PTO by the applicants, any disclosures, and/or language in the specifications of the Patents-in-Suit, and/or limitations in the claims of the Patents-in-Suit.

### Tenth Affirmative Defense

#### (No Willfulness)

Defendant is not willfully infringing and has not willfully infringed any claim of the '446 Patent.

### Eleventh Affirmative Defense

#### (Plaintiff Not Entitled To Fees)

Plaintiff cannot prove that this is an exceptional case justifying an award of attorney's fees against Defendant pursuant to 35 U.S.C. § 285.

### Twelfth Affirmative Defense

#### (Ensnarement)

Plaintiff's claims of infringement under the doctrine of equivalents are barred under the ensnarement doctrine, which bars Plaintiff from asserting an infringement theory under the doctrine of equivalents that encompasses, or "ensnares," the prior art.

### COUNTERCLAIMS

In accordance with Rule 13 of the Federal Rules of Civil Procedure, Defendant/ Counterclaim-plaintiff PEL WHOLESALE, INC. D/B/A GO PET CLUB ("GPC" or "Counterclaim-plaintiff") incorporates by reference its responses to the Complaint stated above as if fully set forth herein, and asserts the following counterclaims against Plaintiff/Counterclaim-defendant YUNTEK INTERNATIONAL, INC. ("Yuntek" or "Counterclaim-defendant").

### PARTIES TO THIS COUNTERCLAIM

1.      Counterclaim-plaintiff is, and at all times mentioned herein was, a corporation, incorporated under the laws of the State of Texas and authorized to do business in California, with its headquarters located at 6818 Patterson Pass Road, Suite H, Livermore, California 94550.

2.      Upon information and belief, as stated in its Complaint, Counterclaim-defendant is a corporation organized under the laws of the State of California with its principal place of business

ARENT FOX LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ANSWER TO UNVERIFIED COMPLAINT FOR PATENT INFRINGEMENT

AFDOCS/20862043.1

in Hayward, California.

## JURISDICTION AND VENUE

3.      These counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq. and the United States Patent Laws, 35 U.S.C. § 101 et seq.

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1338, and 2202.

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)–(c) because, among other reasons, Counterclaim-defendant brought suit alleging infringement of the '446 Patent in this District.

## FIRST COUNTERCLAIM

### Declaratory Judgment Of Non-Infringement Of The '446 Patent

6.      Counterclaim-plaintiff incorporates by reference the allegations of the preceding paragraphs of its Counterclaims as if fully set forth herein.

7.      An actual controversy has arisen and now exists among Counterclaim-plaintiff and Counterclaim-defendant in that Counterclaim-defendant contends, and Counterclaim-plaintiff denies that Counterclaim-plaintiff is directly infringing, either literally or under the Doctrine of Equivalents, one or more of the claims of the '446 Patent by making, using, selling, and/or offering for sale an infringing product within the United States with regard to any invention claimed by the '446 Patent. Furthermore, Counterclaim-plaintiff denies that Counterclaim-plaintiff is directly infringing, either literally or under the Doctrine of Equivalents, one or more of the claims of the '446 Patent by importing an infringing product into the United States with regard to any invention claimed by the '446 Patent.

8.      Counterclaim-plaintiff has not and does not infringe any valid claim of the '446 Patent, either literally or under the Doctrine of Equivalents, by either making, using, selling, and/or offering for sale an infringing product within the United States with regard to any invention claimed by the '446 Patent. Counterclaim-plaintiff has not and does not infringe any valid claim of the '446 Patent, either literally or under the Doctrine of Equivalents, by importing an infringing product into the United States with regard to any invention claimed by the '446 Patent.

9.      As a result of the acts described in the foregoing paragraphs, there exists an actual and justiciable controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

10.      Counterclaim-plaintiff seeks a judicial determination and declaration of the respective rights and duties of the parties based on Counterclaim-plaintiff's contentions as set forth in the paragraphs above. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the non-infringement of the claims of the '446 Patent.

## SECOND COUNTERCLAIM

### Declaratory Judgment Of Invalidity Of The '446 Patent

11.      An actual, continuing and justiciable controversy exists between Counterclaim-defendant and Counterclaim-plaintiff as to the validity of the claims of the '446 Patent because Counterclaim-defendant brought this action against Defendant alleging that Counterclaim-plaintiff infringes the '446 Patent, which allegation Counterclaim-plaintiff denies. Absent a declaration of invalidity, Counterclaim-defendant will continue to wrongly assert the '446Patent against Counterclaim-plaintiff, and thereby cause Counterclaim-plaintiff irreparable injury and damage.

12.      The claims of the '446 Patent are invalid for failure to satisfy one or more of the requirements of 35 U.S.C. § 101, et seq., including 35 U.S.C. §§ 101, 102, 103, and/or 112.

13.      Counterclaim-plaintiff seeks a judicial determination and declaration of the respective rights and duties of the parties based on Counterclaim-plaintiff's contentions as set forth in the paragraphs above. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the invalidity of the claims of the '446 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaim-plaintiff prays:

1.      That an award/judgment be entered in favor of Counterclaim-plaintiff and against Counterclaim-defendant on each and every claim for relief of the Complaint and on each and every claim for relief of Counterclaim-plaintiff's Counterclaims;

ANSWER TO UNVERIFIED COMPLAINT FOR PATENT INFRINGEMENT

AFDOCS/20862043.1

2.      That judgment be entered declaring the claims of the '446 Patent invalid;

3.      That judgment be entered declaring that Counterclaim-plaintiff has not infringed the '446 Patent;

4.      That judgment be entered declaring that Counterclaim-defendant is precluded from obtaining injunctive relief, money damages, costs, and/or attorneys' fees for any alleged infringement by Counterclaim-plaintiff;

5.      That Counterclaim-plaintiff be awarded its reasonable attorney's fees and costs; and

6.      That the Court award such other and further relief as it deems just and proper.

Dated:  September 10, 2019          **ARENT FOX LLP**

By: _____
CRAIG A. GELFOUND
Attorneys for Defendant
PEL WHOLESALE, INC. D/B/A GO PET CLUB

ARENT FOX LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ANSWER TO UNVERIFIED COMPLAINT FOR PATENT INFRINGEMENT

AFDOCS/20862043.1