KILPATRICK TOWNSEND & STOCKTON LLP
MANSI H. SHAH (State Bar No. 244669)
mhshah@kilpatricktownsend.com
NORRIS P. BOOTHE (State Bar No. 307702)
nboothe@kilpatricktownsend.com
1080 Marsh Road
Menlo Park, CA  94025
Telephone:   650-326-2400
Facsimile:   650-326-2422

Attorneys for Plaintiff
YUNTEK INTERNATIONAL, INC.

ARENT FOX LLP
CRAIG A. GELFAND (SBN 176378)
JEFF LEUNG (SBN 310960)
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013-1065
Telephone:  213-629-7400
Facsimile:   213-629-7401
Email: craig.gelfound@arentfox.com
Email: jeff.leung@arentfox.com

Attorneys for Defendant
GO PET CLUB, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YUNTEK INTERNATIONAL, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>GO PET CLUB LLC,<br><br>Defendant. | Case No.  4:19-cv-02947-JSW<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:   November 8, 2019<br>Time:  11:00 a.m.<br>Dept.: Courtroom 5, 2nd Floor<br>Judge:  The Honorable Jeffrey S. White<br><br>**DEMAND FOR JURY TRIAL** |

Pursuant to Civil L.R. 16, Plaintiff Yuntek International, Inc. ("Yuntek") and Defendant Go Pet Club LLC ("GPC") hereby submit the following Joint Case Management Statement.

I.      **JURISDICTION AND SERVICE**

This is a patent infringement action arising under the laws of the United States.  This court has subject matter jurisdiction over under 28 U.S.C. §§ 1331 and 1338(a) because this case



involves a dispute over patent infringement under 35 U.S.C. § 271 and patent invalidity under 35 U.S.C. §§ 101, 102, 103 and/or 112. Venue is proper under 28 U.S.C. §§ 1391 and 1400(b). The parties agree that this Court has personal and subject matter jurisdiction as to Go Pet Club LLC, and that venue in this District will not be contested. All Defendants have been served.

**II.     FACTS**

This is a patent infringement action commenced by Yuntek, the owner by assignment of United States Patent No. 6,715,446 ("the '446 Patent"). GPC is accused of manufacturing, using, selling, and/or importing that infringe one or more claims of the '446 Patent.

**Plaintiff's Statement of Facts:**

On December 4, 2017, Yuntek sent GPC an email informing GPC of its infringement of the '446 Patent by certain model foldable soft pet crates. Having not received a response, on February 6, 2018, counsel for Yuntek sent GPC a cease and desist letter to stop manufacturing, marketing or selling its soft pet crate models. On February 13, 2018, counsel for GPC responded by asking for specific model numbers, apparently unaware of the December 4, 2017 communication that had provided this information. On February 27, 2018 counsel for Yuntek sent counsel for GPC a letter providing specific model numbers of infringing pet crates.

On March 7, 2018, GPC responded directly to Yuntek by email indicating it wanted to avoid litigation and negotiate a royalty agreement, but the parties were unable to reach an agreement. On May 9, 2018, GPC claimed in an email that it "stopped selling and removed these items from all of our customers." On May 14, 2018 Yuntek informed GPC that it was continuing to see three models of the infringing GPC soft pet crates still being sold on Amazon.com. The same day, GPC responded that "[w]e already changed the design for all those soft crates but using the same model #. This is why you still seeing those listings." Yuntek then purchased a "new" model and found that it was identical to the old accused model. When Yuntek informed GPC of this on June 5, 2018, GPC responded on June 11, 2018 that "[m]aybe a few got slipped by." On July 23, 2018, counsel for Yuntek followed up with counsel for GPC once more asking GPC to stop its infringing sales. GPC then provided a sample of a new design replacing the old model that supposedly no longer infringed the '446 Patent. However, on inspection, the new design



continued to infringe the '446 Patent, and counsel for Yuntek informed counsel for GPC of this in a letter dated August 8, 2018. In the months that followed, the parties were unable to reach an agreement on a license and Yuntek filed suit on May 29, 2019.

**Defendant's Statement of Facts:**

Immediately upon receiving Yuntek's email contending infringement of the '446 Patent, GPC investigated Yuntek's claims and determined that the claims were without merit. Nevertheless, out of an abundance of caution, GPC redesigned the accused product to clearly avoid the claims of the '446 Patent. Believing that it had purchased a "new" model, Yuntek had instead purchased a model from a GPC customer rather than GPC directly, which had residual inventory of the accused product. If Yuntek had purchased directly from GPC, it would have received the new non-infringing version. Yuntek, however, continued to maintain that GPC's non-infringing, redesigned product also infringed the '446 Patent, which GPC denies.

Given the low sales of the accused product, GPC engaged Yuntek in settlement discussions in attempt to resolve the dispute. GPC's decision to engage in settlement discussions was motivated entirely by economic considerations relative to the accused products' sales and the cost of litigation. During settlement discussions, Yuntek demanded overly burdensome and intrusive access to GPC's financial records. GPC proposed less burdensome and intrusive compromises, including suggesting an independent auditing firm to conduct a financial review. On September 23, 2019, Yuntek's counsel rejected GPC's proposal in an email stating that "Yuntek is not interested in this option or in settlement at this time, preferring to gather information through discovery."

## III.   LEGAL ISSUES

The parties dispute whether Defendant infringes the Patent-in-Suit, directly or indirectly, whether the infringement was willful, the validity of the Patent-in-Suit, and the damages or other relief due to either party.

## IV.   MOTIONS

There are no currently pending motions between the parties. The parties anticipate that dispositive motions and motions *in limine* will be filed at the appropriate time.



1  V.    **AMENDMENT OF PLEADINGS**

2  Yuntek filed Complaint for Patent Infringement on May 29, 2019.  No amendments are
3  anticipated at this time, unless discovery demonstrates that one or more defendants or causes of
4  action should be added/substituted in the case or that Yuntek engaged in inequitable conduct or
5  other misconduct in connection with the procurement of the '446 Patent.  The parties believe that
6  amendments as of right should be permitted for 90 days after the commencement of fact
7  discovery.

8  VI.   **EVIDENCE PRESERVATION**

9  The parties have reviewed the Guidelines Relating to the Discovery of Electronically
10 Stored Information and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding
11 reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably
12 evident in this action.  The Parties have taken reasonable steps to preserve all ESI germane to this
13 case, including issuing hold notices to relevant custodians.

14 VII.  **DISCLOSURES**

15 The parties exchanged their Rule 26 Initial Disclosures on November 1, 2019.

16 VIII. **DISCOVERY**

17     a.  **Discovery Taken to Date:**

18 GPC served interrogatories and requests for production on Yuntek on October 25, 2019.
19 Yuntek served interrogatories and requests for production on GPC on October 29, 2019.

20     b.  **Scope of Discovery**

21 The scope of discovery shall comprise the factual and legal issues set forth above in
22 sections 2 and 3.

23     c.  **Service by Email**

24 The parties agree to accept service of letters, discovery requests, and other documents
25 (except in the case of documents required to be filed with the Court electronically, the service of
26 which is governed by the Local Rules; documents that are too voluminous for email; and
27 productions governed by the ESI Order) in PDF or similar format (e.g., TIFF) via an email to
28 outside counsel of record. This agreement does not apply to service of any summons or other



process. For calculating response deadlines, the parties further agree that email service of a complete copy of written discovery requests and responses and objections thereto on or before 8:00 p.m. Pacific Standard Time shall count as same-day service; otherwise, such documents shall be considered as served the next day.

        **d.**        **Electronically Stored Information**

The parties propose that documents shall be produced in single-page TIFF format images with load files, and that reasonable efforts will be made to suppress duplicates and near duplicates. The parties agree that all documents will be exchanged on discs, by email, or other digital storage medium (including but not limited to ZIP files and FTP transfer). To the extent that any party believes, on a case-by-case basis, that documents should be produced in an alternative format, or that metadata should be produced, the parties have agreed that they will meet and confer in good faith concerning such alternative production arrangements. The parties have further agreed that they will meet and confer in good faith to ensure that the format of each party's production is compatible with the technical requirements of the receiving party's document-management system.

The parties have further agreed to defer the production of electronic messages, including email, pending agreement to an e-discovery stipulation, and to meet and confer in good faith regarding the scope any discovery of email and other electronic discovery.

        **e.**        **Privilege Issues**

The parties agree that communications between counsel and non-testifying experts retained by a party in connection with this or any other case or proceeding between the parties should not be discoverable in this case or in any other case or proceeding and will incorporate a provision to that effect in the form of a stipulated protective order to be negotiated and presented to this Court. The parties are still negotiating the degree to which communications between counsel and testifying experts retained by a party in connection with this or any other case or proceeding between the parties should or should not be discoverable and once resolved will incorporate a provision to reflect their agreement in the stipulated protective order to be negotiated and presented to this Court.



The parties agree that no document or communication to or from counsel, or authored by or at the direction of counsel to their respective clients, need be placed upon a privilege log if it was authored or created after December 4, 2017 (the date on which Yuntek first contacted GPC about alleged infringement).

In their forthcoming stipulated proposed protective order, the parties may address other matters pertaining to privileged materials, including with respect to issues of waiver or non-waiver in the event of inadvertent disclosures. The parties do not believe that there are any other specific issues relating to claims of privilege, or of protection as trial-preparation material, that require an agreement of the parties or an order of the Court at this time.

### f.     Limitation on or Modifications of the Discovery Rules

Without waiving their right to do so in the future, the parties do not at this time propose any specific changes to the discovery limitations imposed under the Federal or Local Rules. The parties will submit a Stipulated E-Discovery Order and a Stipulated Protective Order.

## IX.    CLASS ACTIONS

This action is not a class action.

## X.     RELATED CASES

There are no related cases.

## XI.    RELIEF

**Plaintiff's Statement:**

Yuntek requests that judgment be entered in its favor and against GPC as follows:

1. Enter a judgment that GPC has infringed claims of the '446 Patent literally and/or under the doctrine of equivalents;

2. Grant a permanent injunction against GPC, its agents, servants, employees, officers, directors, successors, affiliates and assigns, and all others in concert or privity with it, from making, using, offering to sell, selling, or importing into the United States, the GPC Soft Crate and any product that is not colorably different from it;

3. Award damages, enhanced damages and prejudgment interest to Yuntek under 35 U.S.C. § 284;

4. Declare that the case is exceptional and correspondingly award Yuntek attorney fees and costs under 35 U.S.C. § 285;

5. Grant such other and further relief as this Court may deem just and proper.

**Defendant's Statement:**

GPC is seeking declaratory judgments that the '446 Patent is not infringed by GPC and is invalid for failing to satisfy one or more of the requirements of 35 U.S.C. § 101, et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112. GPC reserves the right to seek attorneys' fees, including pursuant to 35 U.S.C. § 285.

## XII. SETTLEMENT AND ADR

The parties have not yet engaged in settlement discussions, but will participate in the Court's ADR process.  The parties are in compliance with ADR L.R. 3-5, and filed ADR Certification By Parties and Counsel on October 18, 2019.  Both parties prefer to discuss ADR selection at the case management conference.

## XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties have not consented to have a magistrate judge conduct further proceedings including trial and entry of judgment.

## XIV. OTHER REFERENCES

This case involves legal issues related to patent law with which this court has ample experience and for which this court has developed and implemented special rules and procedures in the form of the Patent Local Rules.  The technology involved can be understood and appreciated by the Court without submission to a special master.  The '446 Patent is not currently being asserted in multiple districts.  Accordingly, this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XV. NARROWING OF THE ISSUES

As is typical in a case for patent infringement, the parties expect that the exchange of contentions and the claim construction process will assist the parties in identifying issues that can be narrowed or resolved prior to trial.  The parties anticipate being able to narrow the issues presented for claim construction by agreement.  The parties will discuss opportunities to



streamline the presentation of evidence and to present stipulated facts as trial approaches.

## XVI. EXPEDITED TRIAL PROCEDURE

The parties do not request an expedited trial procedure.

## XVII. SCHEDULING

The parties' positions concerning scheduling are as follows:

| Event | Date |
|---|---|
| Initial Case Management Conference | November 8, 2019 at 11:00 a.m. |
| P.R. 3-1 & 3-2 Disclosure of Asserted Claims and Infringement Contentions and Document Production Accompanying Disclosure | November 22, 2019 |
| P.R. 3-3 & 3-4 Invalidity Contentions and Document Production Accompanying Invalidity Contentions | January 6, 2020 |
| P.R. 4-1 Exchange of Proposed Terms for Construction | January 20, 2020 |
| P.R. 4-1(b) Parties Meet And Confer To Identify 10 Claim Terms For Construction | January 20, 2020 – February 3, 2020 |
| P.R. 4-2 Exchange Preliminary Claim Constructions and Extrinsic Evidence | February 10, 2020 |
| P.R. 3-8 Damages Contentions | February 25, 2020 |
| P.R. 3-9 Responsive Damages Contentions | March 6, 2020 |
| P.R. 4-3 Joint Claim Construction and Prehearing Statement | March 6, 2020 |
| P.R. 4-4 Completion of Claim Construction Discovery | April 6, 2020 |
| P.R. 4-5(a) Plaintiff's Opening Claim Construction Brief and Supporting Evidence | April 20, 2020 |
| P.R. 4-5(b) Defendants' Responsive Claim Construction Brief and Supporting Evidence | May 4, 2020 |
| P.R. 4-5(c) Plaintiff's Reply Claim Construction Brief | May 11, 2020 |
| P.R. 4-6 Claim construction hearing | At the Court's convenience. The parties suggest the week of June 1, 2020. |
| Claim construction ruling | TBD |
| P.R. 3-7 Advice of Counsel Disclosure | Claim construction ruling + 30 days |
| Fact Discovery Cut-off | Claim construction ruling + 90 days |
| L.R. 37-3 Final date for motion to compel fact discovery | Claim construction ruling + 97 days |
| Opening Expert Reports | Close of fact discovery + 35 days |
| Rebuttal Expert Reports | Close of fact discovery + 56 days |
| Expert Discovery Cut-off | Close of fact discovery |



| Event | Date |
|---|---|
| | + 84 days |
| L.R. 37-3 Final date for motion to compel expert discovery | Close of fact discovery |
| | + 91 days |
| Deadline For Filing Dispositive Motions and *Daubert* Motions | Close of expert discovery |
| | + 14 days |
| Deadline For Responding To Dispositive Motions and *Daubert* Motions | Close of expert discovery |
| | + 35 days |
| Deadline for Replies To Dispositive Motions and *Daubert* Motions | Close of expert discovery |
| | + 49 days |
| Hearing on Dispositive Motions and *Daubert* Motions | TBD |
| Pretrial Conference | TBD |
| Trial | At the Court's convenience |

## XVIII. TRIAL

The parties preliminarily estimate three-to-four days for trial. Both parties requested a jury trial.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

**Plaintiff's Disclosure**

Yuntek has no non-party interested entities to disclose.

**Defendant's Disclosure**

GPC has no parent corporation or public subsidiaries and that no publicly held corporation owns 10% or more of the stock of Pel Wholesale, Inc. d/b/a Go Pet Club.

## XX. PROFESSIONAL CONDUCT

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XXI. LOCAL PATENT RULE 2.1

**(a) Proposed modifications to obligations or deadlines in the Local Patent Rules**

The proposed schedule reflecting the local patent rules and any modifications to that schedule is outlined in Section XVII above.

**(b) Scope and Timing of Claim Construction Discovery**

The parties will assess which claim terms, if any, require claim construction following the



exchange of infringement contentions and invalidity contentions, which will inform the scope of claim construction discovery. The proposed schedule reflecting the timing of claim construction discovery is outlined in Section XVII above.

### (c) Format and Length of Claim Construction Hearing

The parties do not know which, or how many terms will require claim construction at this time. However, the parties anticipate that the claim construction hearing should take no more than four hours because of the approachability of the patented technology and because experts will likely not be needed.

### (d) Patent Technology Tutorial

The parties do not believe a technology tutorial is necessary to understand the patented technology in this case.

### (e) Estimate of Damages

Yuntek is not aware of the revenues associated with the sales of GPC's products and is thus not able to provide an estimate of damages at this time. Yuntek believes that once it receives complete discovery of GPC's sales, it will be able to provide an estimate to the Court.

DATED: November 1, 2019         Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP


By: */s/ Norris P. Boothe*
    NORRIS P. BOOTHE
    MANSI H. SHAH

Attorneys for Plaintiff
Yuntek International, Inc.



DATED: November 1, 2019　　Respectfully submitted,

　　　　　　　　　　　　　　ARENT FOX LLP


By: */s/ Jeff Leung*
　　CRAIG A. GELFAND
　　JEFF LEUNG

Attorneys for Defendant
Go Pet Club LLC

## CIVIL LOCAL RULE 5-1 ATTESTATION

I, Norris P. Boothe, am the ECF user whose credentials were utilized in the electronic filing of this document. In accordance with Civil Local Rule 5-1(i)(3), I hereby attest that Jeff Leung concurred in the filing of this document.


　　　　　　　　　　　　　　*/s/ Norris P. Boothe*
　　　　　　　　　　　　　　NORRIS P. BOOTHE

