# Arent Fox

**Arent Fox LLP** / Attorneys at Law

Boston / Los Angeles / New York / San Francisco / Washington, DC

December 3, 2019

**Craig A. Gelfound**
Partner
213.443.7604 DIRECT
213.629.7401 FAX
craig.gelfound@arentfox.com

**VIA ELECTRONIC FILING**
Courtesy Copy via Hand Delivery

The Honorable Jeffrey S. White
Oakland Courthouse, Courtroom 5 – 2nd Floor
1301 Clay Street, Oakland, CA 94612

    Re:    <u>Yuntek International, Inc. v. Go Pet Club</u>
             <u>Civil Action No. 4:19-cv-02947-JSW</u>

Dear Judge White:

Defendant Go Pet Club, LLC ("Go Pet Club"), and Plaintiff Yuntek International, Inc. ("Yuntek") submit this Joint Letter, stating the nature and status of the dispute and attesting to the parties' good faith meet and confer efforts. The nature of this dispute involves the proper procedure for disclosing information designated as "CONFIDENTIAL" ("Confidential") or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" ("AEO") to Experts. Section 7 of the proposed protective order involves access to confidential information and Paragraph 7.4, in particular, relates to procedures for approving or objecting to disclosure of AEO information to experts. After reviewing Go Pet Club's proposal, Yuntek provided a compromise solution, which is its current position. Go Pet Club did not agree with the proposal, leaving the remaining dispute. While they have agreed to all other provisions of the protective order, the parties have been unable to come to agreement as to the circumstances under which a Party may object to an Expert receiving Confidential or AEO information under Paragraph 7.4(b). The parties met and conferred on this issue both by phone and by email, but could not reach agreement.

Go Pet Club maintains that the Court should enter its version of the Proposed Protective Order attached hereto as Exhibit A. Yuntek's competing version is attached hereto as Exhibit B. The parties respectfully request this Court's guidance with this dispute.

Very truly yours,

/Craig A. Gelfound/

Craig A. Gelfound

Enclosures

**Arent Fox**

Hon. Jeffrey S. White
December 3, 2019
Page 2

**Go Pet Club's Position Statement**

Go Pet Club seeks to keep the provision contained in the Northern District of California's Protective Order For Litigation Involving Patents, Highly Sensitive Confidential Information And/Or Trade Secrets ("Model PO").[1] Indeed, this is the same provision in the Interim Model Protective Order currently governing the parties pursuant to Patent Local Rule 2-2. Yuntek, however, proposes modifying the default provision for an alternative that effectively nullifies Go Pet Club's ability to object to Yuntek's expert and protect its most sensitive and confidential information.

Because Yuntek and Go Pet Club compete in the same market, information such as Go Pet Club's financial and proprietary technical information is highly sensitive and in need of protection. As alleged in Yuntek's Complaint, Yuntek designs and develops pet homes and carriers and Go Pet Club manufactures the same. (*See* Compl. at ¶¶ 1-2.) Given the sensitivity of the information at stake, and as a matter of fundamental fairness, a right to object is necessary to allow a party the opportunity to prevent its sensitive AEO information from being provided to an expert when sufficient grounds exist. Under Yuntek's proposal, it could disclose Go Pet Club's AEO information to an independent contractor of a competitor or other conflicted third party thereby causing irreparable harm to Go Pet Club. Go Pet Club should be able to object to such a disclosure, but Yuntek's proposal forecloses this opportunity.

Yuntek's proposed version of Paragraph 7.4 instead arbitrarily creates a class of experts to which no objection can be made and disregards the irreparable harm that would be suffered by Go Pet Club from an improper disclosure. Yuntek's proposed language would allow an exception to swallow the rule. Furthermore, Yuntek presupposes that Go Pet Club's objections will be unreasonable and will cause delay, but these assertions are unfounded, speculative, and based on mischaracterizations of irrelevant, pre-suit events. Go Pet Club has every incentive to ensure Yuntek's expert timely receive relevant information to inform settlement discussions and resolve this dispute. However, if Go Pet Club must share its most sensitive information to an adverse party, who is also a competitor, it must have a full and fair opportunity to object to whom the receiving party shares that information – not an arbitrarily circumscribed right to object.

Go Pet Club respectfully submits that the Court should enter its version of the Proposed Protective Order attached hereto as Exhibit A, which is the default provision under the Northern District of California's Model PO, and reject Yuntek's attempt to modify the provision currently in place under the Interim Model Protective Order.

---

[1] Go Pet Club has agreed to reducing the time in which to object from three days to one business day – previously reduced from fourteen to seven and then from seven to three.

**Arent Fox**

**Yuntek's Position Statement**

Yuntek seeks to use an alternate provision from the Court's model order for disclosing confidential or AEO information to Experts. Yuntek believes that it has the right to retain any third party expert that has not been previously affiliated with Go Pet Club and that has never been an officer, director or employee of Yuntek, nor anticipated to become one. Yuntek believes that the case should be streamlined for reaching settlement without unnecessary steps for contesting experts that have no interest in the outcome of the litigation.

During license negotiations prior to litigation, the parties negotiated for months and with multiple counsel for Go Pet Club over who could be used as an auditor for the joint purpose of auditing Go Pet Club's financials, but the parties were not able to settle on a jointly chosen auditor. Unlike license negotiations, for litigation, Yuntek should have the right to choose its expert without unreasonable objections from Go Pet Club holding up that process. Given the short timeframe until settlement, Yuntek is particularly concerned that Go Pet Club will object to any expert that Yuntek's may choose despite having no prior relationship with Go Pet Club and despite that expert being not employed by Yuntek or any competitor of Go Pet Club, and by doing so limit the ability of Yuntek's expert to have sufficient time to review materials and prepare an analysis prior to settlement negotiations.

Yuntek's proposal discloses experts to the other party and provides ***3 business days***[2] for the other party to object, a short, but reasonable amount of time with settlement negotiations rapidly approaching. Further, Go Pet Club would know the identity of Yuntek's expert and have the opportunity for appropriate objections before Yuntek's expert reviews any confidential documents.

The only limitation Yuntek adds in its proposal is that the other party should not object to an expert who is not (1) a director, board member, or employee of the disclosing party or a competitor, (2) anticipated to become a director, board member, or employee of the disclosing party or a competitor, or (3) an expert previously affiliated with designating party. Go Pet Club claims that this is insufficient, identifying concerns about revealing information to an independent contractor, yet all experts to litigation are independent contractors of the party that retains them, so this is hardly a valid basis for an objection.. If Go Pet Club is concerned about the reliability of Yuntek's expert, the rules allow Go Pet Cub to challenge the expertise and reliability at a later time. For settlement purposes, however, the selection of experts must be streamlined to get documents into the hands of third party experts quickly, while providing a means to object only where there is sufficient cause to do so. Yuntek's proposed Protective Order provides those protections, while maintaining a balance with speedy access of experts to information necessary to encourage early resolution by limiting objections. In contrast, Go Pet

---

[2] Go Pet Club revised its proposed Protective Order after reviewing Yuntek's proposed Protective Order and Position Statement to reduce the time to object from 7 days to 1 business day. Yuntek does not oppose this change.

**Arent Fox**

Hon. Jeffrey S. White
December 3, 2019
Page 2

Club's proposal appears to be an effort to further delay the process, as Go Pet Club did for over a year in negotiations before the lawsuit was filed, and interfere with Yuntek's ability to choose a third party expert in preparation of settlement negotiations.

Yuntek respectfully submits that the Court should enter its version of the Proposed Protective Order attached hereto as Exhibit B, which is based on an alternate provision under the Northern District of California's Protective Order For Litigation Involving Patents, Highly Sensitive Confidential Information And/Or Trade Secrets, and reject Go Pet Club's attempt slow down the access of neutral third-party experts to confidential and AEO information.